# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER E. McGOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-038-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Walter McGowen requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work he can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on April 17, 1963, and was 42 years old at the time of the administrative hearing. He has a high school education plus vocational training and previously worked as a roughneck, roustabout, truck driver, welder, general farm laborer, roofer, and mechanic. The claimant alleges he has been unable to work since January 1, 2002, because of tendonitis, left leg pain, dislocated shoulder, back pain, stomach problems, a lung condition, and depression.

## Procedural History

On November 19, 2003, the claimant filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. Both applications were denied. After a hearing on February 15, 2006, ALJ Jennie McLean found that the claimant was not disabled in a decision dated May 26, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform sedentary work but could only occasionally climb, balance and stoop and never kneel, crouch, or crawl. The

claimant could perform an occupation with either simple or detailed job instructions (Tr. 21-22). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work in the regional and national economies he could perform, *e.g.*, small parts assembly and order clerk (food and beverage) (Tr. 22).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly evaluate his mental impairments; and, (ii) by improperly analyzing his credibility. The Court finds the second contention persuasive.

The record reveals that the claimant had a bilateral knee condition, depression, and anxiety that the ALJ determined were severe impairments (Tr. 19). At the administrative hearing, the claimant testified that he quit working because of problems walking with his left knee. He also had problems with his right knee on which he needed surgery (Tr. 352). His knees were the most painful area of his body, making it difficult for him to get up and causing him to move slowly (Tr. 355). The claimant had problems with his back and neck for which he had received chiropractic care, and he was taking medication for diabetes, high blood pressure, high cholesterol, and depression (Tr. 353-54). He had some problems sleeping at night and often still felt tired in the morning (Tr. 357). The claimant could stand for approximately one hour before his right leg began hurting and then would have to sit down and sometimes had to elevate his leg (Tr. 358). He had problems squatting and could not kneel down on his knees (Tr. 359). The claimant had problems concentrating (Tr. 360).

He could get dressed on his own and sometimes played music and went fishing; however, fishing had become difficult because he could not stand anymore (Tr. 358, 360). The claimant was physically able to drive, but he did not because he did not have a car (Tr. 356-57). His day consisted of watching television and going outside to walk around. The claimant testified he could not work an eight-hour day because he had difficulty standing, stooping, and he tired easily and was short of breath (Tr. 361).

> In her written decision, the ALJ summarized the claimant's testimony:
>
> The claimant testified he is disabled due to fatigue; pain in the neck, back, and knees; a psychiatric condition with signs and symptoms including a compromised attention span, depression, and anxiety; diabetes; and high blood pressure with dizziness. In estimating his functional restrictions, the claimant estimated he is limited to standing one hour with additional significant limitations on squatting. The claimant described daily activities including driving, caring for his personal needs, and watching television.

(Tr. 20). She then concluded that "the claimant's allegations regarding his limitations are not totally credible and finds the claimant retains the residual functional capacity for less than the full range of sedentary work." (Tr. 21). This remarkable conclusion was the ALJ's entire analysis of the claimant's credibility.

Deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence taken as a whole. *Casias,* 933 F.2d at 801. Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th

Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The ALJ's analysis of the claimant's credibility clearly fell below these standards. Although the ALJ discussed the medical evidence thoroughly, she did not otherwise identify and explain the specific evidence on which she relied in finding the claimant's subjective complaints were not credible. *See, e. g., Kepler*, 68 F.3d at 391 (The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible."). *See also Hardman*, 362 F.3d at 679 ("[B]oilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible."), *quoting Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Here, "the link between the evidence and credibility determination [was] missing; all we have is the ALJ's conclusion" that the claimant's subjective complaints were not credible. *Kepler*, 68 F.3d at 391. Thus, the ALJ's determination that the claimant is not disabled is not supported by substantial evidence. *See Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir. 1988) ("The failure to make credibility findings regarding the Williams' critical testimony fatally undermines the Secretary's argument that there is substantial evidence adequate to support his conclusion that claimant is not under a disability.").

Because the ALJ failed to follow the standards set forth in *Kepler* and *Hardman* in analyzing the claimant's credibility, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). On remand, if the ALJ determines that the claimant's subjective complaints result in further functional limitations, she must include those limitations in the claimant's RFC and re-determine whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 10th day of December, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**